**KANNO v. ACHESON, Secretary of State.**

No. 8742.

United States District Court
S. D. California, Central Division.

June 23, 1950.

A. L. Wirin, Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

METZGER, Chief Judge.

This cause came on regularly for trial without a jury in the above entitled Court and evidence both oral and documentary having been introduced by and on behalf of the parties hereto, and the cause having been argued and submitted to the Court for its decision, and the Court being fully advised in the premises now makes the following Findings of Fact:

## Findings of Fact

### I

The plaintiff, Isamu Kanno, was born at Oakland, California, on October 8, 1921, of parents born in Japan. His permanent residence is Los Angeles, California, within this judicial district and he claims said residence as his permanent residence. At all times since his birth plaintiff has been and now is a national and a citizen of the United States of America with all of the rights, privileges and immunities of such citizenship.

### II

The defendant, Dean Acheson, is the Secretary of State of the United States.

### III

In April, 1923, the plaintiff was taken to Japan by his mother who took him there for the purpose of his securing an education in Japan; and returning to the United States upon completion of said education.

### IV

The plaintiff attended various schools in Japan, including a commercial course at Majii University. The plaintiff attempted to return to the United States in 1939 and 1940 but was unable to do so. While attending said university the plaintiff received deferment of conscription into the Japanese armed forces from time to time. In December, 1943, the plaintiff was conscripted to serve in the Japanese Army and he so served to January, 1946.

At the time of his induction the plaintiff protested to a Colonel in the Japanese Army seeking to avoid service in the Japanese Army. Prior to that time the plaintiff had sought to avoid service in the Japanese Army and consulted with a Professor at Majii University, his class teacher, and the Greek Orthodox Church of Japan in efforts to avoid service in the Japanese Army.

The plaintiff served in the Jananese Army because of fear of penal servitude as well as serious physical punishment.

After his service in the Japanese Army the plaintiff sought immediately to return

to the United States; and enrolled at Pomona College, Claremont, California.

From January, 1946, to May, 1950, the plaintiff has been in the employ of the United States Provost Marshal in Japan.

### V

For some years prior to Pearl Harbor and until the surrender of Japan in 1945, Japan and its people were under the control of the military authorities of Japan, and the Secret or Thought Police, and the Special Higher Police; and during that period the people of Japan were generally in fear of them and particularly in fear of physical punishment from the Japanese military authorities, the Secret Police and the Special Higher Police.

### VI

The service of the plaintiff in the Japanese Army was not a free and voluntary act, but was the result of fear, coercion and intimidation.

The plaintiff has committed no voluntary act of disloyalty to the United States.

### VII

The United States Consul at Yokohama, Japan, has issued a "Certificate of the Loss of the Nationality of the United States" with respect to the plaintiff and said certificate constitutes a denial to the plaintiff of a right as a citizen of the United States.

### Conclusions of Law

As conclusions of law from the foregoing findings of fact the Court concludes:

### I

■ This Court has jurisdiction to hear and determine the within cause under the provisions of Section 503 of the Nationality Act, 8 U.S.C.A. § 903.

### II

■ The entry of plaintiff into the armed forces of Japan and his service in said armed forces were involuntary and were under duress and compulsion and were not done by plaintiff of his own free will and accord.

### III

The plaintiff's service in the Japanese Army did not result in his expatriation as a citizen of the United States.

### IV

The plaintiff has been continuously at all times since birth, and is now, a national and a citizen of the United States lawfully entitled to all of the rights, privileges and immunities of such citizenship.

### V

Let judgment in favor of the plaintiq and against the defendant herein be entered accordingly.